## McCoy *versus* Hance.

A division fence between adjoining owners of land, of more than twenty-one years' standing, although crooked, constitutes the line between them, even though the deeds of both parties call for a straight line between acknowledged landmarks.

It is not error for the court below to omit to answer points presented specifically, if the case does not require the instruction asked for.

Where neither the declaration nor the verdict are set out in the paper-book, this court cannot examine into an assignment of error, that the verdict was on some of the counts, and the judgment was entered generally·on all the counts.

ERROR to the Common Pleas of *Delaware county.*

These were two actions of trespass *quare clausum fregit,* brought by Andrew Hance against John B. McCoy. The plaintiff and defendant are owners of adjoining tracts of land, the plaintiff's lying west and the defendant's east of the division line between them. On this division line each of the owners and occupants made and kept each different parts of the fence. In April, 1855, it became necessary for Hance to take up and reset his part of the fence, which was of posts and rails. The defendant alleged that, in so doing, he had moved the fence over and encroached upon his land several feet. He accordingly, after giving the plaintiff notice to remove it, and he refusing, tore up the fence and threw it over on the plaintiff's land. The plaintiff afterwards put the fence up again, either exactly or nearly so in the same place as before, when it was again torn up by the defendant. And for these alleged injuries these actions of trespass were brought. The deeds and surveys of the parties called for a straight line between them; the fence, as claimed by plaintiff, was not entirely so, but varied a few feet at different points from a straight line.

The evidence was voluminous, and many points presented on both sides, but it is not deemed necessary to quote the facts more in detail, to illustrate the points decided.

[McCoy *v.* Hance.]

The material part of the charge of the court below (HAINES, P. J.) was as follows:—

"While the landmarks at the end of the line are not fully acknowledged, and there are no distinct marks along the line, yet in many instances the fence, if there be one, on a line, is a clear, consistent, and distinct mark, indicative of the line, as though acknowledged by the parties, and of far more importance than courses and distances in a deed. Hence, I affirm the first point of the plaintiff as follows: 'A division fence of more than twenty-one years' standing, although crooked, constitutes the *line* between adjacent landowners, even though the deeds of both parties call for a straight line between acknowledged landmarks.' This is true, for the reason that the fence is an evidence of acknowledgment by the landowners of the line for a period of time sufficient to raise the presumption of a grant.

"The law applicable to this case is well settled, and cannot be better defined than in the words of Judge HUSTON, in the case of Martz *v.* Hartley: 'After the lapse of many years, line trees are not found, and nobody who knows anything about it expects to find them. Trees die as well as men; are liable to wind and fire; and, like men, are sometimes maliciously destroyed; the line as used and established by consent, as designated by fences, seen and acknowledged by both parties, the admission of a fact, as that a corner stood at a particular spot, and proof that both parties have admitted it for twenty-one years, is conclusive; so much so, that positive proof, the truth of which all admit, will not move a fence between two fields, which their owners have admitted for twenty-one years to be a line between them.' The question then, here, would seem to be whether the fence between them has stood in the same place for twenty-one years. If it has, it marks the line, whether crooked or not, and whether the deeds call for a straight line or not; and neither one or the other of the landowners had the right to pull it down.

"Thus you will discover that the question involved in the issue is one for your consideration. *Had the fence or any part of it which was torn down by the defendant, stood for twenty-one years where it was standing when torn down? If it had, the plaintiff is entitled to your verdict, if not, the defendant should recover.*

The jury found for the plaintiff $25 in the first action, and $100 in the second; and the court entered judgments on the verdicts. The defendant removed the causes to this court, and assigned for error, *inter alia*, the foregoing instructions of the court.

*T. J. Clayton*, for plaintiff in error.

*Broomall*, for defendant in error.

[McCoy v. Hance.]

. The opinion of the court was delivered by

KNOX, J.—Although we have eight specifications of error, there is really but one question in this case. The learned president of the Common Pleas instructed the jury, that if the fence or any part of it, which was thrown down by the defendant, had stood. for twenty-one years, where it was standing when thrown down, the plaintiff was entitled to recover; if not, the verdict should be for the defendant.

That part of the charge upon which the error is assigned, is as follows: "A division fence of more than twenty-one years' standing, although crooked, constitutes the line between adjacent landowners, even though the deeds of both parties call for a straight line between acknowledged landmarks."

This instruction was right; and as the jury have found the fact that the fence thrown down by the defendant had stood as the division fence between these contestants for more than twenty-one years, it is wholly unnecessary to inquire whether there was, or was not, error in rejecting the declarations of George Martin, respecting the locality of the original line.

It is complained that the president of the Common Pleas did not notice the points submitted by the defendant's counsel. These points were fourteen in number, and it is true that they were not specifically answered. Nor was it necessary that they should be, as the case did not require further instruction than was given.

It is said that the verdict was for the defendant, on some of the counts, and it is alleged that there was error in entering a general judgment in favour of the plaintiff. As we have neither the verdict, nor the declaration on the paper-books, we will not interfere with the judgment entered below. At all events, we would only correct the judgment if erroneously entered upon all the counts, by entering it upon the particular counts found in favour of the plaintiff.

Judgment affirmed.